Ernie DE LA FUENTE, on behalf of himself and others similarly situated, Plaintiff,

Federman & Sherwood, Holzer & Holzer, Appellants,

v.

DCI TELECOMMUNICATIONS, INC., Russell B. Hintz, Larry Shatsoff, John Adams, Joseph J. Murphey, Defendants–Appellees,

Schnitzer & Kondub, Richard S. Kondub, Ross J. Schnitzer, Defendants.

No. 03–7525.

United States Court of Appeals, Second Circuit.

Dec. 9, 2003.

William B. Federman, Federman & Sherwood, Oklahoma City, OK, for Appellant Federman & Sherwood.

Corey D. Holzer, Holzer Holzer & Cannon, LLC, Atlanta, GA, for Appellant Holzer & Holzer.

Robert A. Horowitz, Greenberg Traurig, LLP (Toby S. Soli, on the brief), New York, NY, for Defendants–Appellees.

Present: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is AFFIRMED and the case **REMANDED** for consideration of the issue of attorneys' fees incurred on appeal.

The plaintiff, represented by appellants, Federman and Sherwood and Holzer and Holzer, brought a securities fraud class action against the defendants under sections 10(b) and 20(a) of the Securities Exchange Act of 1994 and under Rule 10b–5. The defendants moved to dismiss on the basis of, *inter alia,* a three-year statute of repose and a one-year statute of limitations. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 364, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) (holding that section 10(b) and Rule 10b–5 suits must be commenced "within one year after the discovery of the facts constituting the violation and within three years after such violation"). In opposition, the plaintiff made no nonfrivolous answer with respect to whether nine of the claims complied with the statute of repose. Accordingly, the district court dismissed these nine claims. It also dismissed three of the four remaining claims as barred by the one-year statute of limitations. The defendants then moved for sanctions pursuant to the Private Securities Litigation Reform Act (PSLRA), *see* 15 U.S.C. § 78u–4(c), and Fed.R.Civ.P. 11.

In answering this motion for sanctions, the plaintiff marshaled various arguments for why its position with respect to the statute of limitations was nonfrivolous, but

did not explicitly mention the statute of repose except in response to the defendants' allegation that the class period was set arbitrarily. The district court examined the validity of these arguments as applied both to the nine repose-barred claims and the four limitations-barred claims. The court held that all of these arguments were frivolous as to the nine repose-barred claims, and that only one was nonfrivolous as to the limitations-barred claims.

Accordingly, on the facts and arguments before it, the district court correctly treated the nine repose-barred claims as sanctionable under Fed.R.Civ.P. 11(b)(2). *See Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.,* 186 F.3d 157, 167 (2d Cir.1999). It also correctly determined that, under the standard we established in *Gurary v. Nu–Tech Bio–Med, Inc.,* 303 F.3d 212, 223 (2d Cir.2002), the remaining four nonfrivolous claims were not of the quality necessary to prevent the appellants' violation of Fed.R.Civ.P. 11(b)(2) from being "substantial" and thus subject to the PSLRA's presumption of full sanctions, *see* 15 U.S.C. § 78u–4(c)(3)(A)(ii). The court went on to hold that the presumption of full sanctions was rebutted with regard to appellant Holzer and Holzer due to its precarious financial situation, but that the presumption was unrebutted with regard to appellant Federman and Sherwood. The court, then, sanctioned Holzer and Holzer in the amount of $40,000 and Federman and Sherwood in the amount of $83,116.91.

■ On appeal from the imposition of sanctions,[1] the appellants raise, for the first time, a potentially nonfrivolous argument for why the nine claims may have complied with the three-year statute of repose. Specifically, appellants argue that the three-year statute of repose begins to run from the plaintiff's *purchase* of the security, and not from the defendant's making of the *misrepresentation* in question. We need not, however, consider whether this argument is in fact nonfrivolous, nor indeed the very interesting question of whether, under the PSLRA and Fed.R.Civ.P. 11, the existence of a nonfrivolous argument, which was not actually made by the plaintiff in his opposition to a motion to dismiss, would nevertheless be sufficient to prevent the imposition of sanctions. Because the appellants did not raise this argument below, i.e., because they did not argue to the district court "you may not impose sanctions because we had an argument against dismissal that, though we did not make it, could have been made and would have rendered the bringing of the nine claims non-frivolous," we need not consider it. It is settled law that, unless manifest injustice will result, we will not hear an argument that was not raised below. *See id.* at 225; *Greene v. United States,* 13 F.3d 577, 586 (2d Cir. 1994). On the facts of this case, we cannot say that any manifest injustice will result from adhering to this waiver rule.

■ The appellants also argue that the nine repose-barred claims for which they were sanctioned were not claims at all, but were mentioned in the compliant only as "background." Consequently, they contend, sanctions based on them were unwarranted. But this argument was also raised far too late. It surfaced only after sanctions had been imposed and apportioned when the appellants sought to stay the sanctions order. The district court quite correctly dismissed this argument

---

1. Since a stipulation was reached between the appellants and defendants Schnitzer & Kondub, Richard S. Kondub, and Ross J. Schnitzer, this appeal is limited to defendants-appellees DCI Telecommunications, Inc., Russell B. Hintz, Larry Shatsoff, John Adams, and Joseph J. Murphey.

both because of its lateness and general lack of merit.

We have considered all of the appellants' arguments and, finding them to be without merit, AFFIRM the decision of the district court. Pursuant to the defendants' request, we REMAND the case to the district court to determine whether, with regard to appellant Federman & Sherwood, the PSLRA's presumption of full sanctions encompasses attorneys' fees incurred on appeal, *see Gurary*, 303 F.3d at 225–26 & n. 6 (discussing the issue in dicta), and, if it does, the amount of such fees.